STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, V. J. MARK BARNETT, RESPONDENT.
537 N.W.2d 633

Filed September 29, 1995. No. S-92-459.

Dennis G. Carlson, Counsel for Discipline, for relator.

J. Mark Barnett, pro se.

CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and BOSLAUGH, J., Retired, and RONIN, D.J., Retired.

PER CURIAM.

This is a disciplinary action in which respondent, J. Mark Barnett, was initially placed on probation for failing to perform timely legal services for a client, for failing to communicate with that client, and for failing to timely file a written response to a disciplinary complaint. *State ex rel. NSBA v. Barnett*, 243 Neb. 667, 501 N.W.2d 716 (1993). As a result of that proceeding, respondent was placed on probation for a period of 18 months on the following conditions: (1) Respondent shall not consume alcohol during the period of his probation, (2) respondent shall continue as an active participant in Alcoholics Anonymous, (3) respondent shall continue with medication and therapy as prescribed by his physician, (4) respondent shall meet with a partner of his law firm at least once a month for the purpose of reviewing the status of each of respondent's pending cases, and (5) respondent shall file a written report with the Counsel for Discipline of the Nebraska State Bar Association on the first of each month specifically indicating whether he has complied with these conditions of his probation.

On September 15, 1994, respondent violated the terms of his probation by consuming alcohol. Respondent testified that on that date, he attended an Alcoholics Anonymous meeting in the morning and met with his sponsor for lunch. He further

testified that "at some point during the day, I made a decision to drink." He continued to drink over a 2-day period and on September 16 was arrested for driving under the influence, second offense. A hearing was held before a referee on December 22, 1994. At that time, the driving under the influence charge was pending. At the hearing, respondent testified he intended to enter a plea of guilty to that charge. He subsequently pled guilty and was placed on probation. Respondent also admitted that he had violated the terms of his probation by consuming alcohol and by failing on four occasions to file monthly reports with the Counsel for Discipline. He testified that the reports were not filed because of his absences from work due to medical problems. The record reflects that on September 23, 1994, respondent admitted himself to a relapse prevention program at Methodist Richard Young Hospital in Omaha, Nebraska, and that he was discharged from the hospital on October 18, 1994. The respondent testified that he planned to leave his law firm in Norfolk, Nebraska, and open a solo practice in Omaha. He stated that the separation was amicable and that proximity to adequate medical treatment was a factor in his decision to relocate.

Fred Mesmer, an addiction counselor, testified on behalf of respondent. He stated that respondent was a relapse prone alcoholic and that relapse prone alcoholics have a more difficult task recovering. It was Mesmer's opinion, however, that respondent had a fair to good chance of continuing recovery.

After hearing the evidence, the referee recommended that respondent's probation be extended for a period of not less than 6 months under substantially the same conditions. Neither party has filed an exception to the referee's report. Since respondent has admitted the allegations of the motion to revoke his probation, the only issue for this court to decide is what disciplinary sanction is appropriate to impose under these circumstances.

## ANALYSIS

The Nebraska Supreme Court has inherent authority to regulate the conduct of attorneys admitted to the practice of law in the State of Nebraska. *In re Integration of the Nebraska State*

*Bar Ass'n*, 133 Neb. 283, 275 N.W. 265 (1937). In furtherance of this responsibility, this court has adopted rules of discipline. These rules provide that misconduct by an attorney shall be grounds for the imposition of sanctions ranging from censure to disbarment. Neb. Ct. R. of Discipline 4 (rev. 1992).

The purpose of an attorney disciplinary proceeding is not so much to punish the attorney as it is to determine whether in the public interest an attorney should be permitted to practice. *State ex rel. Nebraska State Bar Assn. v. Fitzgerald*, 165 Neb. 212, 85 N.W.2d 323 (1957); *State, ex rel. Wright, v. Sowards*, 134 Neb. 159, 278 N.W. 148 (1938). In a disciplinary proceeding against an attorney, the basic issues are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 441 N.W.2d 161 (1989). The determination of what discipline is appropriate requires consideration of the nature of the offense, the need for deterrence of future misconduct by others, the maintenance of the reputation of the bar as a whole, protection of the public and clients, the expression of condemnation by society on moral grounds of the prohibited conduct, justice to the attorney, and the attorney's fitness to continue in the practice of law. *State ex rel. NSBA v. Douglas*, 227 Neb. 1, 416 N.W.2d 515 (1987), *cert. denied* 488 U.S. 802, 109 S. Ct. 31, 102 L. Ed. 2d 10 (1988). The attitude of the offender is also generally an appropriate consideration. *State ex rel. NSBA v. Kirshen, supra.*

Respondent acknowledges that he is an alcoholic. He asserts there is no evidence that his legal practice suffered, nor were there any complaints filed with the Nebraska State Bar Association during the period of his probation. He argues that his consumption of alcohol was not the result of an intentional disregard for the court and that he is now actively participating in a recovery program. However, he concedes in his brief that an attorney who suffers from alcoholism and continues to drink will in all probability adversely affect his or her clients. He requests that this court continue his probation.

## CONCLUSION

After de novo review, we find by clear and convincing

evidence that respondent violated the conditions of his probation. See *State ex rel. NSBA v. Schmeling*, 247 Neb. 735, 529 N.W.2d 799 (1995). This court is well aware that addiction to alcoholism is a prevalent problem in American society. Respondent's efforts to control his drinking are commendable, but, nevertheless, he did violate two conditions of his probation. For probation to be a useful sanction in disciplinary proceedings, there must be adherence to its provisions. Under the facts presented, to hold otherwise would demean the procedure. The record in this case does not justify an extension of respondent's probation.

It is our judgment and the order of this court that respondent be suspended from the practice of law in the State of Nebraska until further order of this court.

JUDGMENT OF SUSPENSION.

WHITE, C.J., and FAHRNBRUCH, J., not participating.