STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. J. MARK BARNETT, RESPONDENT.
556 N.W.2d 641

Filed December 20, 1996.   Nos. S-92-459, S-96-1196.

Dennis G. Carlson, Counsel for Discipline, for relator.

J. Mark Barnett, pro se.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

On April 13, 1989, J. Mark Barnett was licensed to practice law in the State of Nebraska.

On August 28, 1996, a three-count complaint against Barnett was filed with this court by the Nebraska State Bar Association's Committee on Inquiry of the Third Disciplinary District. The complaint charged that on three different occasions in 1994, Barnett had received a $300 check as advance payment of fees for legal services he was to render to each of three different clients; that Barnett did not turn over any of the money he had received on any of the three occasions to the law firm by whom he was employed, nor did he deposit in a trust account any of the $900 in advance payments of fees; and that, instead, he deposited the three checks in his personal account. The complaint acknowledged that on July 14, 1995, Barnett reimbursed the law firm by whom he was employed $300 of the money he had not turned over to the firm.

In 1993, Barnett was placed on probation for failing to perform timely legal services for a client, to communicate with that client, and to timely file a written response to a disciplinary complaint. See *State ex rel. NSBA v. Barnett*, 243 Neb. 667, 501 N.W.2d 716 (1993). On September 29, 1995, this court suspended Barnett's license to practice law in this state until further order of the court for violating the terms of his probation. See *State ex rel. NSBA v. Barnett*, 248 Neb. 601, 537 N.W.2d 633 (1995).

On September 18, 1996, an Assistant Counsel for Discipline charged Barnett with violating Neb. Ct. R. of Discipline 16 (rev. 1996), which provides, in substance, that whenever a member of the bar is suspended from the practice of law in this state, he or she is to notify his or her clients and opposing counsel in writing of such suspension; that he or she is to assist his or her clients in obtaining substitute counsel; and that, within 30 days of the suspension, the suspended attorney is required to file an affidavit with this court, stating full compliance with the requirements of rule 16, and to simultaneously submit to the court evidence of full compliance.

The complaints further charged that Barnett's conduct, as heretofore set forth, constitutes violations of an attorney's oath

of office and certain provisions of the Code of Professional Responsibility, to wit:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

. . . .

DR 9-102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay account charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

On December 6, 1996, in response to the complaints filed against him, Barnett filed a written voluntary surrender of his license to practice law in this state. In his written surrender, Barnett admitted all of the basic factual allegations in the complaints, that he had violated the foregoing provisions of the Code of Professional Responsibility, and that he had violated his attorney's oath of office.

In surrendering his license to practice law in this state, Barnett stated under oath that he fully and voluntarily consented

to the entry of an order of disbarment and that he fully and voluntarily waived his right to notice, appearance, and a hearing prior to the entry of an order of disbarment.

We accept Barnett's surrender of his license to practice law in Nebraska and order him disbarred from the practice of law in the State of Nebraska, effective immediately. We further order Barnett to comply with Neb. Ct. R. of Discipline 16, and in the event of his failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.