STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. STEPHEN C. SCHLEICH, RESPONDENT.

580 N.W. 2d 108

Filed June 26, 1998.   No. S-97-1214.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

On November 26, 1997, the Nebraska State Bar Association, relator, filed a formal charge against Stephen C. Schleich, respondent, alleging violation of the respondent's oath of office as an attorney and Canon 1, DR 1-102(A)(1), (3), (4), (5), and (6), of the Code of Professional Responsibility. Subsequently, this court appointed a referee pursuant to Neb. Ct. R. of Discipline 10 (rev. 1996), and the referee conducted a formal hearing.

The referee made the following findings of fact: The respondent was admitted to the practice of law in the State of Nebraska on April 13, 1989, and has resided in Lincoln, Nebraska. In

February 1994, the respondent attached a listening device to the telephone in the bedroom of his home, which he shared with his wife and infant son. The wife was unaware of this device. The respondent admitted that he illegally recorded, conspired to record, and/or conspired to use illegally obtained recordings of his wife's telephone conversations. The respondent admitted that he knew his actions were illegal at the time he installed the device.

The respondent's purpose for installing the listening device was to eavesdrop on his wife. Use of the device had been recommended by a private investigator whose assistance had been sought by the respondent. The respondent recorded three cassette tapes of telephone conversations over a period of 7 to 10 days, and the device surreptitiously recorded no more than six of his wife's conversations. Neither the respondent's wife nor anyone else had given the respondent permission to intercept and record their conversations. After listening to the tapes, the respondent disconnected the device and turned the tapes over to the investigator. The respondent then filed for divorce, but he claims that he did not use the information on the tapes to gain an advantage over his wife.

The tapes were discovered by officers of the Lincoln Police Department who were executing a search warrant on the investigator's home regarding an unrelated complaint. The respondent's wife learned of the existence of the tapes from a third party after the police had seized them.

The respondent was charged with the criminal offense of conspiracy to interfere with wire communications, in violation of Neb. Rev. Stat. § 86-702 (Reissue 1994). In exchange for his agreement to testify against the investigator, the respondent was accepted into a pretrial diversion program, which required that he complete 100 hours of volunteer community service. He was assigned to the office of the Lancaster County Clerk, and although he was given 12 months in which to complete his community service, the respondent completed it in less than 6 months. The respondent received a favorable letter of evaluation from the county clerk, and the charge against him was then dismissed. At a hearing before the Committee on Inquiry of the First Disciplinary District, the respondent expressed remorse

and recognized that his decision was a poor one. He claimed to get along well with his former wife, with whom he shares joint custody of their son.

The referee found that the relator had established by clear and convincing evidence that the respondent knowingly engaged in an illegal activity involving moral turpitude, in violation of DR 1-102(A)(3); that he engaged in conduct involving dishonesty and deceit, in violation of DR 1-102(A)(4); and that by doing so, the respondent violated DR 1-102(A)(1) and breached his oath of office as an attorney.

The referee recommended that the respondent be suspended from the practice of law for 6 months, at the completion of which he would be eligible to apply for reinstatement upon a showing that he has fully complied with the order of suspension and in the future will not engage in practices offensive to the legal profession. Neither party filed exceptions to the referee's report.

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Scott*, 252 Neb. 698, 564 N.W.2d 588 (1997). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. *State ex rel. NSBA v. Caskey*, 251 Neb. 882, 560 N.W.2d 414 (1997). The determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *State ex rel. NSBA v. Zakrzewski*, 252 Neb. 40, 560 N.W.2d 150 (1997).

The criminal charge against the respondent was dismissed after he cooperated with law enforcement and successfully completed 100 hours of community service in the pretrial diversion program. His misconduct appears to be an isolated incident arising from a specific set of facts and circumstances relating to a marital problem. The respondent received no monetary benefit from his actions, and he has been forthright in taking respon-

sibility for his conduct. The respondent acknowledges that he made a very poor decision and shows remorse for the effect of his actions upon himself and his family. There is no concern regarding the protection of the public, and there is no reason to question the respondent's present or future fitness to continue in the practice of law.

Balancing the factors which mitigate in favor of the respondent against the need to deter others from similar conduct, the need to maintain the reputation of the bar as a whole, and the need to protect the public, we conclude that the respondent should be suspended from the practice of law in the State of Nebraska effective immediately. The respondent's suspension shall continue for a period of 6 months from and after the date on which he files an affidavit complying with Neb. Ct. R. of Discipline 16 (rev. 1996).

JUDGMENT OF SUSPENSION.

WRIGHT, J., not participating.