STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. RICHARD L. SCHMELING, RESPONDENT.

589 N.W. 2d 833

Filed February 19, 1999.    No. S-98-992.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

On September 25, 1998, formal charges were filed by the relator, Nebraska State Bar Association, against the respondent, Richard L. Schmeling, a member of the relator association. Additional formal charges were filed against Schmeling the

same day. For the reasons set forth below, we order Schmeling's disbarment, effective immediately.

## FACTS

The charges filed against Schmeling in the instant case arise from his representation of two clients in separate matters. We briefly summarize the facts relevant to each complaint.

*Hefner Complaint.*

Mary Hefner (Hefner) retained Schmeling in 1990 to represent her in the dissolution of her marriage to Carl Hefner, Jr. Hefner paid Schmeling $200 when she retained him and later paid him further sums for his representation. Schmeling filed a petition seeking dissolution of Hefner's marriage in the district court for Lancaster County on October 26, 1990, and he shortly thereafter obtained an order for temporary support for the benefit of the Hefner children, who lived with Hefner.

Schmeling did not complete the Hefner divorce. Unbeknownst to Hefner, the case was dismissed by the court for lack of prosecution in 1994, and, thus, Hefner was not divorced from Carl Hefner. Hefner alleged that Schmeling did not inform her that her divorce case had been dismissed for lack of prosecution and that she did not learn of the case's dismissal and her continued married status until another attorney so advised her in 1997.

On July 16, 1997, in a written response to the relator's request for information about the Hefner case, Schmeling disputed Hefner's claim that the discovery of her married status came as a surprise to her, because according to Schmeling, as a result of a prior divorce, "Mary knew full well that in order to be divorced, you have to go to court for a hearing[.]" Schmeling stated that he did not complete the divorce because he could not locate Carl Hefner to complete the division of the marital estate and compute child support. Evidence introduced by the relator showed that Carl Hefner was readily located by agencies that enforced Carl Hefner's child support arrearage and that Carl Hefner personally appeared in a Colorado court in May 1992 regarding income withholding to satisfy his child support obligation.

The relator filed charges against Schmeling based upon Schmeling's representation of Hefner, charging Schmeling with violating the provisions of Canons 1, 6, and 7 of the Nebraska Code of Professional Responsibility, as set forth below:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(5) Engage in conduct that is prejudicial to the administration of justice.

DR 6-101 Failing to Act Competently.

(A) A lawyer shall not:

(3) Neglect a legal matter entrusted to him.

DR 7-102 Representing a Client Within the Bounds of the Law.

(A) In his representation of a client, a lawyer shall not:

(2) Fail to carry out a contract of employment entered into with a client for professional services[.]

We note that the relator's reference to DR 7-102 as set forth above incorporates a portion of DR 7-101.

These charges were scheduled for hearing by the Committee on Inquiry of the First Disciplinary District on February 16, 1998. Schmeling acknowledged in writing his receipt of the charges, which were delivered to him by certified mail. Nonetheless, Schmeling did not personally appear at the hearing, and his interests were not represented by counsel. After the relator's presentation of evidence, the Committee on Inquiry found cause to believe that Schmeling had committed the ethical violations with which he was charged. Formal charges were filed with this court on September 25. Schmeling has not responded to them.

*Chrastil Complaint.*

In additional formal charges against Schmeling filed with this court on September 25, 1998, the relator alleged that during the period of 1989 through 1995, Schmeling represented Mark Chrastil in connection with a workers' compensation matter. The additional formal charges alleged, inter alia, that in his representation of Chrastil, Schmeling allowed an applicable statute of limitations to expire, thereby extinguishing Chrastil's ability

to seek judicial redress for his injury; failed to perform or acquire a study of Chrastil's lost earning capacity; made insufficient efforts to obtain reimbursement for the costs of treatment for Chrastil's injury or condition; and pursued no award of permanent partial disability benefits for Chrastil.

Subsequent to the occurrence of the events alleged in the additional formal charges, Chrastil retained other counsel. Chrastil filed a petition against Schmeling alleging professional negligence and seeking $83,120 in damages. Schmeling made no answer or appearance in this case, and on December 23, 1996, Chrastil obtained a judgment against Schmeling. Invoking judicial process, Chrastil collected part of his judgment against Schmeling in May 1997. The remainder of the judgment is unsatisfied.

The relator's additional formal charges alleging Schmeling's breach of his professional responsibilities to Chrastil were served upon Schmeling on October 15, 1998. The relator alleged that in Schmeling's representation of Chrastil, Schmeling breached the following provisions of Canon 1 of the Code of Professional Responsibility:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

The relator further alleged that Schmeling violated DR 6-101(A)(3) and DR 7-102(A)(2), both of which are set forth above in connection with the charges stemming from Schmeling's representation of Hefner. Schmeling filed no response to these charges.

*Failure to Respond to Relator's Inquiry.*

The relator alleged in a separate count of the additional formal charges that on March 13, 1998, the relator sent Schmeling a copy of Chrastil's complaint alleging Schmeling's violation of the Code of Professional Responsibility and requested Schmeling's response to the allegations. The relator received no

response from Schmeling. On March 31, a second such letter was sent to Schmeling, again seeking his response to Chrastil's allegations of unethical and unprofessional breaches of conduct. Schmeling did not respond to this letter or to three subsequent reminder letters sent to him by the relator. Schmeling also did not respond to the additional formal charges filed against him by the relator regarding Chrastil's complaint.

The relator alleges that Schmeling's failure to respond constitutes a violation of Canon 1, DR 1-102(A)(1), (4), and (5), which provides as follows, in pertinent part:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

Based upon the foregoing facts and Schmeling's failure to respond to the formal charges and additional formal charges filed against him in this court, on November 17, 1998, the relator requested this court to enter judgment on the pleadings against Schmeling.

## SCOPE OF REVIEW

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. NSBA v. Johnson*, 249 Neb. 563, 544 N.W.2d 803 (1996). The Supreme Court, in its de novo review of the record, must find that the particular complaint has been established by clear and convincing evidence in order to sustain it against an attorney in a disciplinary proceeding. *Id.*

## ANALYSIS

This court has inherent authority to regulate the conduct of attorneys admitted to the practice of law in the State of Nebraska. *State ex rel. NSBA v. Barnett*, 248 Neb. 601, 537 N.W.2d 633 (1995). In furtherance of this responsibility, this court has adopted rules of discipline which provide, inter alia, that misconduct by an attorney shall be grounds for the imposi-

tion of sanctions ranging from censure to disbarment. *Id.* "The purpose of an attorney disciplinary proceeding is not so much to punish the attorney as it is to determine whether in the public interest an attorney should be permitted to practice." *Id.* at 604, 537 N.W.2d at 634.

According to Neb. Ct. R. of Discipline 10(H) (rev. 1996), a respondent has a 30-day period in which to answer formal charges filed against him or her. If the respondent fails to answer the charges within this time, or if the respondent's answer raises no issue of fact or law, the matter may be disposed of by the court on its own motion or on a motion for judgment on the pleadings. Neb. Ct. R. of Discipline 10(I). See, also, *State ex rel. NSBA v. Mahlin*, 252 Neb. 985, 568 N.W.2d 214 (1997).

Due to Schmeling's failure to respond to the charges against him, the record before us in the instant case consists principally of the relator's charges and evidence. As noted above, regarding the Hefner matter, Schmeling made one written response to the relator's initial inquiry. Schmeling thereafter failed to appear at the hearing convened by the Committee on Inquiry, and he has not responded to the formal charges in this court which are the subject of this action. Schmeling has made no answer whatsoever to the Chrastil complaint, despite repeated opportunities to do so offered by the relator. On the record before us, we find clear and convincing evidence that Schmeling has committed the ethical breaches with which he has been charged.

In a disciplinary proceeding against an attorney, the basic issues are whether discipline should be imposed and, if so, the type of discipline under the circumstances. In determining the imposition of discipline, the court should bear in mind that cumulative acts of attorney misconduct are distinguishable from isolated incidents of neglect and therefore justify more serious sanctions. See *State ex rel. NSBA v. Schleich*, 254 Neb. 872, 580 N.W.2d 108 (1998). In this regard, we are aware of *State ex rel. NSBA v. Schmeling*, 247 Neb. 735, 529 N.W.2d 799 (1995), in which Schmeling was suspended from the practice of law for 1 year based on the neglect of a bankruptcy matter and three prior reprimands.

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Schleich, supra.* We have previously observed that "the violation of any of the ethical standards relating to the practice of law, or any conduct which tends to bring the courts or legal profession into disrepute, constitutes grounds for suspension or disbarment." *State ex rel. NSBA v. Johnston,* 251 Neb. 468, 472, 558 N.W.2d 53, 56 (1997).

This court has consistently held that a lawyer who neglects an entrusted matter has failed to act competently and has committed unprofessional conduct. *Johnston, supra; State ex rel. NSBA v. Johnson,* 249 Neb. 563, 544 N.W.2d 803 (1996). The instances of unprofessional conduct described in the charges at issue bear a regrettable resemblance to past instances in which Schmeling has neglected professional matters entrusted to him. See *Schmeling, supra.* The charges in the instant case are not isolated events. Schmeling has been afforded past opportunities to monitor his compliance with the Code of Professional Responsibility, including three private reprimands and a 1-year suspension from the practice of law. *Id.* Schmeling's persistent neglect of legal matters entrusted to him and his failure to respond to the pending charges lead us to conclude that we cannot allow such neglectful and uncooperative practices to possibly harm the public in this state in the future. See, *Johnston, supra; Johnson, supra.*

## CONCLUSION

Balancing Schmeling's interest in the privilege of practicing law against the nature of his breach of the Code of Professional Responsibility, the need to maintain the reputation of the bar as a whole, and the need to protect the public, we determine that Schmeling must be, and hereby is, disbarred, effective immediately.

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.