843 So.2d 164 (2002)
KID'S CARE, INC., et al.
v.
ALABAMA DEPARTMENT OF HUMAN RESOURCES et al.
1011272.
Supreme Court of Alabama.
August 30, 2002.
*165 Josh O. Kelly III, Huntsville, for appellants.
William H. Pryor, Jr., atty. gen., and J. Coleman Campbell, deputy atty. gen., and James E. Long, asst. atty. gen., Department of Human Resources, for appellees.
HOUSTON, Justice.
This is an appeal by Kid's Care, Inc., and Rainbow Daycare Center, Inc. ("the plaintiffs"), from a summary judgment in favor of the defendants Alabama Department of Human Resources ("DHR") and its commissioner, Bill Fuller, and DHR employees Frances Arnold and Margaret Bonham, individually, and in their official capacities, on all claims. In their brief, the plaintiffs claim that they are "seeking a reversal and remand of the case only upon those portions of the complaint seeking to compel the defendants to perform the statutorily required annual market rate study surveys for the years 1998, 1999, 2000." (Emphasis added.)
The plaintiffs operate day-care centers and receive federal and state subsidies for some of the children in their centers to help offset the cost of day care for those children. In their brief to this Court, the plaintiffs state the following facts:
"Over the years, annual adjustments to the reimbursement rates provided to the day care operators have supposedly [been] made based upon the results of annual new market rate surveys that have been performed. These surveys are sent to actual day care providers in the state of Alabama to ascertain their actual costs of providing day care services to the subsidy recipient children. (C. 262-271.)

"Alabama Act 98-496 being the General Fund Budget Act, for the 1999 forthcoming fiscal year requires that such a local market rate survey shall be established on a biennial basis based upon a representative sample of licensed childcare providers. (C. 267.) Similarly, Alabama Act 99-441 being the General Fund [Budget] Act for the forth-coming 2000 fiscal year requires that the local market rate study survey be performed, but on an annual basis. It too provides that a representative sample of licensed childcare providers be used and that the reimbursement rates be established at the 75th percentile of the market rate study survey. (C. 264.) Finally, Alabama Act 2000-408 requires the same annual local market rate study survey and 75th percentile rate adjustment. (C. 263.)
"After this lawsuit was filed the Alabama Legislature for reasons unknown, removed the requirement for the annual market rate study survey and resulting adjustment from Appropriations Act, 2001-521 for the fiscal year ending in 2002. (C. 360-361.)"
(Appellants' brief at pp. 9-10.)
Act No. 98-496, Act No. 99-441, and Act No. 2000-408 contain the same provision regarding the reimbursement to child-care *166 providers for child-care services.[1] That provision reads as follows:
"Child care providers shall be reimbursed for child care services at their published rate for the particular category of care or at the 75th percentile of the local market rate, whichever is less. The local market rate shall be established on an annual basis based on a representative sample of licensed child care providers."
(Emphasis added.)
The plaintiffs allege that they are child-care providers. They do not state whether they have been reimbursed for child-care services at "their published rate for the particular category of care" or at "the 75th percentile of the local market rate." Because they are entitled to only the lesser sum of those two rates, we cannot ascertain how they could be injured by the failure of the DHR or its employees to establish the local market rate.
The plaintiffs' standing is an essential component of justiciability:
"Not all controversies, even very public ones, are justiciable. Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have `standing to invoke the power of the court in his behalf.' Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990)."
Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998).
"[S]ince the question of standing goes to this Court's jurisdiction, we must decide the issue even though the court below passed over it without comment."
Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (citation omitted).
Standing requires injury in fact. This Court stated in State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala. 1999):
"Standing ... turns on `whether the party has been injured in fact and whether the injury is to a legally protected right.' Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting) (emphasis added [in Property at 2018 Rainbow Drive]). See also NAACP v. Town of East Haven, 892 F.Supp. 46 (D.Conn.1995)....
". . . .
"When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction. Barshop v. Medina County Underground Water Conservation District, 925 S.W.2d 618, 626 (Tex.1996) (`Standing is a necessary component of subject matter jurisdiction'). See also Raines v. Byrd, 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997); Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); United States v. Hays, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (`"standing `is perhaps the most important of [the jurisdictional] doctrines'"'); National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (`Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.'); Romer v. Board of County Comm'rs of the County of Pueblo, supra, 956 P.2d at 585 (`standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings') *167 (Martinez, J., dissenting); Cotton v. Steele, 255 Neb. 892, 587 N.W.2d 693 (1999)."
740 So.2d at 1027-28.
"If a named plaintiff has not been injured by the wrong alleged in the complaint, then no case or controversy is presented and the plaintiff has no standing to sue either on his own behalf or on behalf of a class." Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1137 (Ala.1998); see also Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469, 474 (Ala.1991). A party's injury must be "tangible," see Reid v. City of Birmingham, 274 Ala. 629, 639, 150 So.2d 735, 744 (1963); and a party must have "a concrete stake in the outcome of the court's decision." Brown Mech. Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 937 (Ala.1983).
We fail to see how the plaintiffs have been injured. The DHR was to establish the local market rate for child-care services either annually or every two years (depending upon which of the three appropriation acts is involved); it failed to do so. What tangible, concrete injury did this failure afflict on the plaintiffs?
For all that appears in the record, the plaintiffs were reimbursed by DHR at their published rates for child-care services. If 75% of the local market rate was above their published rates, then their rates would remain the same. If 75% of the local market rate was below their published rates, then their reimbursement would decrease, because they can be paid only the lesser of the two rates. Nothing in the record shows that the local market rate survey specified in the budget acts had anything to do with the published rates of the plaintiffs or any child-care provider.
Because we resolve this action on the plaintiffs' lack of standing and the trial court's resultant lack of jurisdiction, there is no need for us to discuss the immunity issue.
The trial court lacked jurisdiction to enter its summary judgment, and that judgment is void. A void judgment will not support an appeal.
APPEAL DISMISSED.
MOORE, C.J., and SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE and WOODALL, JJ., dissent.
JOHNSTONE, Justice (dissenting).
For two reasons, I respectfully dissent.
First, the main opinion contravenes our law that a complaint will be construed most favorably to the pleader. Poff v. Hayes, 763 So.2d 234, 241 (Ala.2000); Waters v. Jolly, 582 So.2d 1048, 1055 (Ala. 1991) ("In order to do substantial justice, pleadings are to be construed liberally in favor of the pleader."). See also Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (In reviewing the dismissal of a plaintiff's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., this Court must determine "whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief.... In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether he may possibly prevail.... We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."). Implicit in the complaint is that the local market rate, which the defendants *168 are supposed to survey, is the rate which limits the plaintiffs' reimbursement.
Second, the main opinion exceeds the scope of our Smith v. Equifax, 537 So.2d 463 (Ala.1988), rule that we will sustain the trial court for any right reason supported by the record. The plaintiffs have never received any notice that an issue in this case would be the absence of an express allegation that the local market rate limits the plaintiffs' reimbursement.
NOTES
[1] See Act No. 98-496, Ala. Acts 1998, § 2C.82(a); Act No. 99-441, Ala. Acts 1999, § 2C.83(a); and Act No. 2000-408, Ala. Acts 2000, § 2C.80(a).