STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
ROBERT WILLIAM CHAPIN, JR., RESPONDENT.
699 N.W.2d 359

Filed June 24, 2005.   No. S-04-1264.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On November 9, 2004, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against Robert William Chapin, Jr., respondent. On December 13, amended formal charges were filed against respondent. The amended formal charges set forth two counts; however, count II of the amended formal charges was later dismissed by relator. Count I of the amended formal charges included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); Canon 6, DR 6-101(A)(3) (neglecting legal matter); and Canon 9, DR 9-102(B)(4) (failing to return property of client), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's answer disputed the allegations.

A referee was appointed and heard evidence. The referee filed a report on May 10, 2005. With respect to the single remaining count in the amended formal charges, the referee concluded that respondent's conduct had breached DR 1-102(A)(1),

DR 6-101(A)(3), and DR 9-102(B)(4). The referee made no finding regarding the allegation that respondent had violated his oath of office as an attorney. The referee recommended that respondent receive a public reprimand. On May 13, respondent and relator filed a joint motion for judgment, requesting that this court accept the referee's findings and recommendation and enter judgment thereon. We grant the joint motion for judgment and impose discipline as indicated below.

## FACTS

The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska on September 18, 1981. He has practiced in Lancaster County, Nebraska.

With regard to count I of the amended formal charges, the referee found that in October 2002, respondent was retained by an individual to represent him in a civil rights action against the Lancaster County Corrections Department and certain named defendants. The referee further found that from December 2002 through June 2003, respondent neglected his client's case by failing to file amended pleadings and failing to verify that all defendants were served. The referee further found that respondent failed to respond to his client's inquiries and failed to return his client's file when requested to do so. The referee found that respondent's actions constituted a violation of the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B)(4). With respect to the discipline to be imposed, the referee recommended that respondent receive a public reprimand.

On May 13, 2005, respondent and relator filed a joint motion for judgment, in which the parties concurred with the referee's findings and moved this court to accept the referee's recommendation.

## ANALYSIS

As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2003), relator and respondent filed a joint motion for judgment. When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel.*

*Counsel for Dis. v. Widtfeldt*, 269 Neb. 289, 691 N.W.2d 531 (2005). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the amended formal charges are supported by clear and convincing evidence, and the joint motion for judgment is granted.

A proceeding to discipline an attorney is a trial de novo on the record. *Id.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Villarreal*, 267 Neb. 353, 673 N.W.2d 889 (2004).

Based upon the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based upon the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B)(4). The record also supports a finding by clear and convincing evidence that respondent violated his oath of office as an attorney, and we find that respondent has violated said oath.

We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. at 293, 691 N.W.2d at 535. Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach attorney discipline case must be evaluated individually in light of its particular facts and circumstances." *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. at 293, 691 N.W.2d at 535. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.*

We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be and hereby is publicly reprimanded.

## CONCLUSION

The joint motion for judgment is granted. We find by clear and convincing evidence that respondent violated DR 1-102(A)(1), DR 6-101(A)(3), DR 9-102(B)(4), and his oath of office as an attorney. It is the judgment of this court that respondent should be and is hereby publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001) and rule 10(P) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.

HENDRY, C.J., not participating.