STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. ROGER R. HOLTHAUS, RESPONDENT.

686 N.W.2d 570

Filed July 2, 2004.    No. S-04-044.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Roger R. Holthaus, was admitted to the practice of law in the State of Nebraska on June 27, 1972, and at all times relevant hereto was engaged in the private practice of law in Omaha, Nebraska. On January 12, 2004, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), and Canon 6, DR 6-101(A)(3) (neglecting legal matter), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). On May 17, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the truth of the allegations that he violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as his oath of office as an attorney, and waived all proceedings against him in connection therewith in exchange for a 6-month suspension of his license to practice law. Upon due consideration, the court approves the conditional admission and orders that respondent be suspended from the practice of law in the State of Nebraska for 6 months.

## FACTS

In summary, the formal charges allege that respondent neglected his responsibilities as the attorney for the personal representative of a probate estate by not timely filing pleadings in the probate case, not filing tax returns, not communicating with the residual beneficiary, and not properly handling estate assets. As a result of respondent's failure to properly handle the probate proceedings, the estate's residual beneficiary filed a petition to surcharge the personal representative and respondent, which resulted in a judgment against respondent and the personal representative. Respondent has satisfied the judgment.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission

of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that he violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as his oath of office as an attorney, and that respondent should be and hereby is suspended for a period of 6 months, effective immediately, after which time respondent may apply for reinstatement. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.